UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY DOUGLAS NIXON,<br><br>                 Petitioner,<br><br>    v.<br><br>ELDON VAIL,<br><br>                 Respondent. | Case No. C09-5013 FDB/KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>**Noted for: February 27, 2009** |

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner Larry Douglas Nixon is an inmate at the Prairie Correctional Facility in Appleton, Minnesota. Mr. Nixon filed an application to proceed *in forma pauperis* (Dkt. # 1), but paid the $5.00 filing fee on January 26, 2009. (Receipt # T-5020). Accordingly, the Court should deny the application.

**DISCUSSION**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

On January 5, 2009, the Clerk received Mr. Nixon's application to proceed *in forma pauperis*. Dkt. # 1. On January 16, 2009, the Clerk advised Mr. Nixon that his filing was deficient because he had

REPORT AND RECOMMENDATION
Page - 1

failed to provide a written consent and updated copy of his prison trust account statement. Dkt. # 2. On January 26, 2009, Mr. Nixon paid the $5.00 filing fee. Because he has paid the filing fee, Mr. Nixon's application to proceed *in forma pauperis* is moot.

**CONCLUSION**

Because Mr. Nixon has paid the filing fee, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Petitioner shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **February 27, 2009**, as noted in the caption.

DATED this 6th day of February, 2009.

Karen L. Strombom
United States Magistrate Judge